UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF FIRST NBC BANK HOLDING COMPANY, | ) ) ) ) | Civil Action No. 2:19-cv-10341 |
| Plaintiff, | ) ) | Section: |
| vs. | ) ) | Judge Vitter |
| ASHTON J. RYAN, JR., ET AL. | ) ) | Magistrate: |
| Defendants. | ) ) ) | |

# LIMITED OBJECTION OF ERNST & YOUNG LLP AND MARK BELL TO DEFENDANT ST. ANGELO'S MOTION TO STAY

Craig Isenberg (# 29603)
Christine M. Calogero (# 36818)
BARRASSO USDIN KUPPERMAN
 FREEMAN & SARVER, LLC
909 Poydras Street, 24th Floor
New Orleans, Louisiana 70112
T: 504-589-9700
F: 504-589-9701
E: cisenberg@barrassousdin.com

Stanley J. Parzen (*pro hac vice forthcoming*)
MAYER BROWN LLP
71 South Wacker Drive
Chicago, Illinois 60606
T: (312) 782-0600
F: (312) 701-7711
E: sparzen@mayerbrown.com

Steven M. Farina (*pro hac vice forthcoming*)
WILLIAMS & CONNOLLY LLP
725 12th Street, N.W.
Washington, DC 20005
T: (202) 434-5000
F: (202) 434-5029
E: sfarina@wc.com

*Attorneys for Ernst & Young LLP and Mark Bell*

Dated: July 8, 2019

1

Defendants Ernst & Young LLP ("EY") and Mark Bell ("Bell"), and on behalf of the unnamed and unserved Auditor Does 1-20 (collectively, the "Auditor Defendants"), submit this limited objection to Defendant Gregory St. Angelo's Motion To Stay Civil Proceeding in this Court ("St. Angelo Stay Motion"). Counsel for St. Angelo has indicated that he does not oppose this limited objection.

1. On May 10, 2019, the Official Committee of Unsecured Creditors of First NBC Bank Holding Company ("Plaintiff"), a debtor in bankruptcy, filed this action raising claims against the Holding Company's former officers and the Auditor Defendants. *See* Doc. 1 ("Compl.") ¶ 14.

2. On June 16, 2019, Defendant St. Angelo filed the St. Angelo Stay Motion, asking this Court to stay this civil action until final resolution of St. Angelo's pending criminal proceeding, *United States v. St. Angelo*, No. 2:19-cr-55.

3. For the most part, EY and Bell, who of course are not parties to the criminal proceeding, take no position with regard to the St. Angelo Stay Motion. EY and Bell file this limited objection, however, to request and ensure that if the requested stay is entered by the Court, the stay would permit them to file and receive a ruling from the Court on a motion to compel arbitration as well as any other motion that the Auditor Defendants would file pursuant to Federal Rules 12(b)(1), (b)(3), and (b)(6).

4. In the complaint filed in this case, the Holding Company alleges that EY audited its financial statements from 2010 through 2015 pursuant to contractual engagement letters between the Holding Company and EY. Compl. ¶¶ 15, 16. The Holding Company asserts that it complied with the terms of these letters. Compl. ¶ 344. And in each of the letters, the Holding Company agreed to arbitrate *any* claims it might have against EY or any of its agents involving audit work or other professional services. In the complaint, Plaintiff now alleges that EY failed to perform

its audits properly and raises two claims in connection with the Auditor Defendants: breach of contract against EY for alleged breach of duties set out in the annual engagement letters, and accounting malpractice and professional negligence against EY and the Auditor Defendants.

5. These claims are subject to the arbitration provisions in the parties' engagement letters. In fact, on May 10, 2019, the same day Plaintiff filed the complaint, Plaintiff also filed a demand for arbitration attaching as an exhibit excerpts from the 2015 engagement letter, attached hereto as Exhibit A (which on its face requires arbitration of all the matters alleged in the complaint against the EY Parties) and raising claims identical to those alleged in the complaint. Plaintiff has thus confirmed that if this case were to proceed against the Auditor Defendants, it would have to proceed against them in arbitration. Having two identical claims proceeding simultaneously against the same defendants—an arbitration proceeding and a stayed proceeding in this Court—would prejudice both the defendants and the administration of justice. Further, Plaintiff may argue that any substantial participation in this litigation by the Auditor Defendants constitutes a waiver of the Auditor Defendants' arbitration rights.

6. Hearing and determination of the motion to compel arbitration will have no effect on St. Angelo's request to stay the proceedings so no discovery or related proceedings would proceed as to him. No discovery is needed or permitted to resolve a motion to compel arbitration—which EY and Bell anticipate filing pursuant to Federal Rule 12(b)(3), and in the alternative Rule 12(b)(1)—and certainly no discovery would be required from St. Angelo. Indeed, the arbitration clause only permits discovery to the extent "expressly authorized by the arbitration panel upon a showing of substantial need by the party seeking discovery."

7. Likewise, EY, Bell, or other defendants may file motions under Federal Rule 12(b)(6), but such dispositive motions would be based upon the complaint and therefore would not require

any discovery. Consideration of any such additional motions also would be consistent with Federal Rule 1's directive that courts and parties employ the rules to secure the just, speedy, and inexpensive resolution of every suit.

8. Accordingly, EY and Bell request that the Court, if it enters a stay, nonetheless permit them to move this Court to compel arbitration of Plaintiff's claims against the Auditor Defendants and to otherwise move to dismiss the complaint pursuant to Federal Rules 12(b)(1), (b)(3), and (b)(6).

9. Counsel for Defendant St. Angelo does not object to a carve out of St. Angelo's requested stay that would permit EY, Bell, and other defendants to file and receive a ruling from this Court on a motion to compel arbitration and otherwise dismiss Plaintiff's claims pursuant to Federal Rules 12(b)(1), (b)(3), and (b)(6) as set forth above.

## CONCLUSION

EY and Bell therefore object to the St. Angelo Motion for the limited purpose of preserving their right, and the rights of other defendants, to file and receive a ruling in this Court on a motion to compel arbitration and to dismiss Plaintiffs' claims pursuant to Federal Rules 12(b)(1), 12(b)(3), and 12(b)(6).

Respectfully submitted,

By: */s/ Craig Isenberg*
Craig Isenberg (# 29603)
Christine M. Calogero (# 36818)
BARRASSO USDIN KUPPERMAN
FREEMAN & SARVER, LLC
909 Poydras Street
Suite 2350
New Orleans, Louisiana 70112
T: 504-589-9700
F: 504-589-9701
cisenberg@barrassousdin.com
ccalogero@barrassousdin.com

Stanley J. Parzen (*pro hac vice forthcoming*)
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL 60606
T: (312) 782-0600
F: (312) 701-7711
E: sparzen@mayerbrown.com

Steven M. Farina (*pro hac vice forthcoming*)
WILLIAMS & CONNOLLY LLP
725 12th Street, N.W.
Washington, DC 20005
T: (202) 434-5000
F: (202) 434-5029
E: sfarina@wc.com

*Attorneys for Ernst & Young LLP and Mark Bell*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been filed using this Court's ECF procedure, which will send electronic noticing to all counsel of record this 8th day of July, 2019.

                                                     */s/ Craig Isenberg*

*{1683001_1}*