UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF FIRST NBC BANK HOLDING COMPANY,<br><br>    Plaintiff,<br><br>vs.<br><br>ASHTON J. RYAN, JR., MARY BETH VERDIGETS, WILLIAM J. BURNELL, GREGORY ST. ANGELO, OFFICER DOES 1-20, ERNST & YOUNG LLP, MARK BELL, and AUDITOR DOES 1-20,<br><br>    Defendants. | Civil Action No. 2:19-CV-10341<br><br>Judge Wendy Vitter<br><br>Magistrate Judge Dana Douglas |

PLAINTIFF'S OPPOSITION TO MOTION TO STAY CIVIL
PROCEEDING FILED BY DEFENDANT GREGORY ST. ANGELO

Plaintiff, the Official Committee of Unsecured Creditors of First NBC Bank Holding Company, (the "Committee" or "Plaintiff") respectfully submits this memorandum of law in opposition of the Motion to Stay Civil Proceeding (the "Motion") filed by Defendant Gregory St. Angelo ("St. Angelo" or "Defendant"), showing this Court as follows:

ARGUMENT

There exists no general constitutional, statutory, or common law prohibition against the prosecution of parallel criminal and civil actions, even when such actions proceed simultaneously. *Alcala v. Texas Webb County*, 625 F. Supp. 2d 391, 396 (S.D. Tex. 2009) (citing *SEC v. First Fin'l Group of Texas, Inc.*, 659 F.2d 660, 666-67 (5th Cir. 1981)). Thus, whether to stay a civil action pending resolution of a parallel criminal prosecution is not a matter of constitutional right, but, rather, one of court discretion, that should be exercised only when the interests of justice so require.

1

*Id*. (citing *U.S. v. Kordel*, 397 U.S. 1, 12 n.27 (1970)).  In all events, "[i]t 'is the rule, rather than the exception' that civil and criminal cases proceed together." *Id*. at 397 (citing cases).  Moreover, a complete stay of a pending civil action until the conclusion of a related criminal proceeding is considered to be an "extraordinary remedy." *Id*. (citing cases).  One reason for this is that a complete stay is tantamount to a defendant's "blanket assertion" of the Fifth Amendment privilege against self-incrimination, which is itself improper. *Id*. (citing cases).  Rather, a party is required to selectively invoke the privilege against self-incrimination and object with specificity to the information sought from him. *Id*. (citing *First Fin'l Group*, 659 F.2d at 668).

Consequently—and as shown by Defendants' own cases—motions for a complete stay of a civil case in deference to concurrent criminal proceedings against one or more defendants are routinely denied in the Fifth Circuit. *See, e.g.*, *First Fin'l Group*, 659 F.2d at 666-69; *Whitfield v. Riley*, No. 09-1877, 2009 WL 1269243, at *1 (E.D. La. May 6, 2009). *See also Tajonera v. Black Elk Energy Offshore Operations, L.L.C.*, No. 13-0366, 2015 WL 13227930, at *5-9 (E.D. La. Dec. 4, 2015).  This applies even more to the situation where, as here, the civil proceeding is brought by a private litigant (as opposed to another government agency). *See, e.g.*, *Alcala*, 625 F. Supp. 2d at 402 ("the potential for prejudice to a criminal defense is diminished where private parties, and not the government, are the plaintiffs in the civil action.") (citing *Citibank, N.A. v. Hakim*, No. 92 Civ. 6233 (MBM), 1993 WL 481335, at *2 (S.D.N.Y. Nov. 18, 1993)).  Of course, as the moving party seeking a stay, Defendant St. Angelo bears the burden of showing that a stay is warranted. *Ruiz v. Estelle*, 666 F.2d 854, 856 (5th Cir. 1982); *Drummond v. Fulton Cty. Dep't of Family & Children's Servs.*, 532 F.2d 1001, 1001 (5th Cir. 1976).

St. Angelo fails to meet his burden here.  Defendant's argument amounts to an attempt to assert a blanket objection to participating in any discovery—or any other case proceedings for that

latter—sheerly based on the potential for Fifth Amendment privilege concerns. As noted above, this is an improper ground on which to seek a stay—either of all discovery or, much less, of an entire case. *See Alcala*, 625 F. Supp. 2d at 397. Indeed, the fact that discovery has not yet even been propounded to St. Angelo, establishes that even a more narrowly tailored motion would, in all events, be premature. *See In re Penn Central Sec. Litig.*, 347 F. Supp. 1347, 1348-49 (E.D. Pa. 1972) (denying as premature motion to stay deposition of civil defendant sued for breaches of fiduciary duty and mismanagement, based on pending criminal action against him, where no deposition questions had even been propounded).[1]

Beyond that, even granting that there is some overlap between issues in this action and the criminal proceeding against St. Angelo, any such overlap is not likely to prejudice St. Angelo, and certainly would not justify a stay of *all* aspects of this case against *all* defendants, as Defendant desires. To warrant a stay based on such an overlap, a defendant must "make a strong showing that the two proceedings will so overlap that either (1) he cannot protect himself in the civil proceeding by selectively invoking his Fifth Amendment privilege, or (2) effective defense of both [the criminal and civil cases] is impossible." *Alcala*, 625 F. Supp. 2d at 401. St. Angelo cannot make such a showing.

First, St. Angelo has *already pleaded guilty* to criminal charges against him. *See* Plea Agreement, dated June 28, 2019, filed as Docket Item 27 in in *U.S. v. St. Angelo*, Crim. No. 19-55 (E.D. La.), a true and correct copy of which is attached hereto as Exhibit A. Moreover, as part of his plea, St. Angelo has agreed to a Factual Basis that, for all intents and purposes, adopts and

---

[1] At the time of filing, the Court has not yet entered a discovery schedule and set the initial status conference. Plaintiff anticipates conducting a Rule 26(f) conference in the near future, with the purpose of establishing a proposed discovery plan to be submitted to the Court, addressing the discovery schedule, and any modifications and limits on the scope of discovery, including as expressed by St. Angelo.

significantly expands upon the items set forth in the Bill of Information filed against him to initiate the criminal case. *Compare* Factual Basis, dated June 28, 2019, filed as Docket Item 28 in *U.S. v. St. Angelo*, Crim. No. 19-55 (E.D. La.), a true and correct copy of which is attached hereto as Exhibit B, *with* Bill of Information, dated March 22, 2019, filed as Docket Item 1 in *U.S. v. St. Angelo*, Crim. No. 19-55 (E.D. La.), attached as Exhibit B to the Motion. *See Arden Way Assocs. v. Boesky*, 660 F. Supp. 1494, 1499 (S.D.N.Y. 1987) (stay of civil fraud action was not warranted on Fifth Amendment privilege grounds where defendant had already negotiated and entered plea of guilty). Further, St. Angelo's plea agreement is nonappealable, further militating against a stay. *See* Exh. A, pp. 2-3. *See Shirsat v. Mutual Pharma. Co., Inc.*, No. Civ. A. 93-3202, 1995 WL 695109, at *3 (E.D. Pa. Nov. 21, 1995) (fact that civil defendant signed a non-appealable plea agreement meant that there was no longer possibility that resolution of criminal proceedings could narrow any issue in the civil action, justifying denial of stay).

 If that were not enough, where, as here, a criminal defendant has, as part of a plea agreement, adopted a Factual Basis which covers the same allegations asserted against him in a civil proceeding (and, indeed, satisfying even greater state of mind requirements than in a civil case), this fact adds yet further weight against a stay based on Fifth Amendment privilege grounds. *See* Exhibit B. *See, e.g.*, *In re Residential Doors Antitrust Litig.*, 900 F. Supp. 749, 757 (E.D. Pa. 1995) ("In light of the record, where Defendants agreed to a factual basis for their guilty pleas, a stay of merits discovery would be inappropriate.").

 Second, the last point at which a stay in deference to the criminal case against St. Angelo could have even arguable utility is the date on which he is sentenced. In this case, that will happen in less than three months, on October 3, 2019. *See* Noticing of Sentencing, dated June 28, 2019, filed as Docket Item 26 in *U.S. v. St. Angelo*, Crim. No. 19-55 (E.D. La.), a true and correct copy

of which is attached hereto as Exhibit C.  In those three months, it is highly unlikely that documents will even be due from St. Angelo, much less that he (as one of numerous party witnesses) will be deposed.  Indeed, as seems increasingly likely, one or more defendants will, when their answers are due later this month, file motions to dismiss, which, if experience is any guide, may well add additional time to merits discovery.[2]  Even in the unlikely event that Defendant St. Angelo were deposed or required to respond to written discovery before October 3, 2019, he could selectively invoke the privilege for the brief time remaining before that date.  *See, e.g.*, *Am. Multi-Cinema, Inc. v. Jones*, No. 88-2615-O, 1989 WL 32211, at *1 (D. Kan. Mar. 30, 1989) (ability of defendant to interpose Fifth Amendment privilege objections to specific documents in response to specific interrogatories and deposition questions).

Third, other measures less extreme than a stay can address Defendant's concerns about self-incrimination.  For example, this Court can seal and limit the use of depositions and interrogatory answers, and otherwise limit disclosures to counsel.  *See Hakim*, 1993 WL 481335, at *2 (citing *Arden Way*, 660 F. Supp. at 1500); *In re CFS-Related Sec. Fraud Litig.*, 256 F. Supp. 2d 1227, 1240-41 (N.D. Okla. 2003) (complete stay of discovery against individual defendant in securities fraud civil action not warranted by pendency of parallel criminal prosecution given that lesser measure of sealing defendant's deposition and preventing its use for any purpose outside civil proceeding, except for perjury or impeachment, was appropriate and adequate to protect self-incrimination privilege); *Fidelity Nat'l Title Ins. Co. v. Nat'l Title Resources Corp.*, 980 F. Supp. 1022, 1025 (D. Minn. 1997).  Or the Court can issue an appropriately tailored protective order.

---

[2]  Certain defendants have already begun to do so.  *See* Docket Item 17 in this case (response to Motion by defendant Mary Beth Verdigets requesting that any stay not extend to her intention to file a motion to dismiss under Rule 12(b)(6)); Docket Item 21 in this case (response to Motion by defendant EY requesting that stay not extend to motion practice, including motion to compel arbitration or under Rule 12(b)).

*See Digital Equip. Corp. v. Currie Enterprises*, 142 F.R.D. 8, 15 (D. Mass. 1991) (protective order prohibiting use of forfeiture claimant's deposition transcripts and interrogatories except for perjury and impeachment).[3]

Fourth, Plaintiff Committee, and the public itself, would be substantially prejudiced by further delays in obtaining justice against St. Angelo and the other defendants.  The bankruptcy action involving First NBC Bank Holding Company has lasted over two years, with the Committee becoming appointed to pursue these claims most recently on May 6, 2019.  (Compl. ¶ 26.)  The action involves the largest bank holding company failure in Louisiana history, and with the passage of time, witnesses become unavailable, memories of conversations and dates fade, and documents can be lost or destroyed.  Neither the United States Attorney nor any state or federal regulatory body has intervened to join St. Angelo's motion for a stay.  These facts weigh heavily against a stay.  *See Alcala,* 625 F. Supp. 2d at 405.  *See also Hakim*, 1993 WL 481355, at *3 ("the public interest in financial institutions promptly recovering misappropriated funds is significant"); *CFS-Related Sec. Fraud Litig.*, 256 F. Supp. 2d at 1242 ("[w]hen determining the public's interest, it is normally a question of what interest the United States Attorney has in the request for stay"; denying stay on public interest grounds where U.S. attorney did not join in it).[4]  Thus, while courts considering a stay may require that the plaintiff establish more prejudice than simply a delay in its

---

[3]   In all events, St. Angelo has no basis to refuse to provide documents in discovery that he has already provided to the United States, as these documents cannot incriminate him any further than they already have.  *See* Motion at 7 ("More specifically, St. Angelo has produced and the Government has obtained through subpoenas documents relating to the Bank and St. Angelo's loans at the Bank.  *This evidence has been preserved by St. Angelo* and, presumably, the Government.") (emphasis added).

[4]   Defendant cites *Bridgeport Harbour Place I, LLC v. Ganim*, 269 F. Supp. 2d 6, 9 (D. Conn. 2002), in support of his motion.  In that case, however, the federal government moved for a stay, citing the public interest.  *See id.* at 10-11.  Here, only one defendant, and not the government, has moved for a stay, and, unlike in *Bridgeport Harbour*, the government has not made any filing supporting St. Angelo's request.

right to expeditiously pursue its claims, courts recognize that delay can lead to the loss of evidence and duly frustrate a plaintiff's ability to put on an effective case. *Alcala*, 625 F. Supp. 2d at 405 (citing cases); *Hakim*, 1993 WL 481335, at*2.

Finally, in no way is a stay of this case, as against any defendant besides St. Angelo warranted. Nor should any stay absolve Defendant St. Angelo of the duty of filing an answer or otherwise responding to the allegations in the Committee's Complaint. *See, e.g., Arden Way*, 660 F. Supp. at 1499 (criminal/civil defendant would face no risks of self-incrimination merely by serving an answer, including asserting Fifth Amendment privilege objections therein if necessary). Plaintiff Committee would be particularly prejudiced if a complete stay were imposed as against St. Angelo, relieving him of the obligation to respond in any way, only to see him re-emerge months later to file a dispositive motion seeking to dismiss the Complaint, only further delaying this case. For example, there is nothing in a motion to dismiss, which by its nature is based totally on the *allegations* of the Complaint, without admitting their veracity, that could invoke St. Angelo's Fifth Amendment privilege concerns.

## CONCLUSION

For the foregoing reasons, the Motion should be denied.

Dated: July 8, 2019.

Respectfully submitted,

O'BELL LAW FIRM, LLC

By: /s/ Eric J. O'Bell
Eric J. O'Bell (admitted to the Bar of this Court)
La. Bar No. 26693
*ejo@obelllawfirm.com*
Albert M. Myers, Of Counsel (*pro hac vice*
application to be filed)
*mearsly@gmail.com*
3500 N. Hullen Street
Metairie, LA 70002
Tel.: (504) 456-8677
Fax: (504) 456-8653

GLANCY PRONGAY & MURRAY LLP

By: /s/ Brian P. Murray
Brian P. Murray (*pro hac vice* application to be filed)
*bmurray@glancylaw.com*
Garth Spencer (*pro hac vice* application to be filed)
*gspencer@glancylaw.com*
230 Park Avenue, Suite 530
New York, NY 10169
(212) 682-5340
Tel.: (212) 682-5340
Fax: (212) 884-0988

-and-

CONGENI LAW FIRM, LLC

By: /s Leo Congeni
Leo Congeni (admitted to the Bar of this Court)
La. Bar No. 25626
*leo@congenilawfirm.com*
424 Gravier Street
New Orleans, LA 70130
Tel.: (504) 522-4848

*Attorneys for Plaintiff*

CERTIFICATE OF SERVICE

I certify that on this 8th day of July, 2019, a true and correct copy of the foregoing pleading was filed electronically with the Clerk of Court of the Eastern District of Louisiana by using the CM/ECF system. Notice of this filing will be sent to all counsel of record registered to receive electronic service by operation of the CM/ECF system.

*/s/ Eric J. O'Bell*
Eric J. O'Bell