UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| OFFICIAL COMMITTEE OF<br>UNSECURED CREDITORS OF FIRST<br>NBC BANK HOLDING COMPANY, | CIVIL ACTION NO.  19-CV-10341<br><br>SECTION "D" (3) |

Plaintiff

vs.

ASHTON J. RYAN, JR., MARY BETH
VERDIGETS, WILLIAM J. BURNELL,
GREGORY ST. ANGELO, OFFICER
DOES 1-20, ERNST & YOUNG LLP,
MARK BELL, and AUDITOR DOES 1-20,

Defendants

## MEMORANDUM IN SUPPORT OF

## <u>MOTION FOR STAY BY DEFENDANT, ASHTON J. RYAN, JR.</u>

**MAY IT PLEASE THE COURT**:

Defendant, Ashton J. Ryan, Jr., adopts co-defendant's, St. Angelo's Motion to Stay Civil Proceedings (Doc. 16), and Memorandum in Support of St. Angelo's Motion to Stay Civil Proceedings (Doc. 16-1), to the extent that the authorities and principles therein apply to Mr. Ryan. In addition, Mr. Ryan submits the following in support of his Motion to Stay.

At all pertinent times, Mr. Ryan served as former Officer and Director of First NBC Bank Holding Company, and its asset, First NBC Bank, and was the Chairman of the Board and Chief Executive Officer of them during all pertinent times, without admitting any liability therefor.

The Complaint for Recovery of Damages (hereinafter the Complaint) makes numerous allegations of criminal wrongdoing against Mr. Ryan, which is denied, and forms the major grounds for the Complaint.  In addition to multiple transactions that are claimed to be fraudulent or criminal in nature, which are denied, the Complaint alleges parallel criminal proceedings against

certain defendants allegedly involving joint criminal offenses, and criminal conspiracies, with "Bank President A," who the plaintiffs herein claim to be Mr. Ryan, to wit:

(1) As described in Paragraphs 185-186, 298-301, the Complaint alleges criminal offenses against Mr. Ryan and Jeffrey Dunlap, in *U.S. v. Dunlap*, USDC, EDLA, Case No. 18-99, and his Factual Basis (Doc. 21), wherein Mr. Dunlap pleaded guilty to conspiracy with Bank President A, alleged to be Mr. Ryan, and others. Mr. Dunlap has yet to be sentenced.

(2) Paragraphs 100, 187-190, 292-298, 305, 306, describe criminal conspiratorial acts between defendant, Gregory St. Angelo, in *U.S. v. St. Angelo*, USDC, EDLA, Case No. 19-00055, and his Factual Basis (Doc. 29), wherein Mr. St. Angelo pleaded guilty to conspiracy with Bank President A, alleged to be Mr. Ryan, and others. Mr. St. Angelo has yet to be sentenced.

Additionally, in essence, the Complaint reads like a criminal indictment, such as:

(A) In reality, a substantial portion of the total dollar amount of the loans extended by the Bank during the Relevant Period was, by the design and conscious intent of the Officer Defendants, in conspiracy with, and aided and abetted by, St. Angelo, ***not*** attributable to legitimate lending decisions of the Bank, but, rather, a scheme and artifice to conceal the deteriorating capital position of the Bank. These Defendants routinely caused the Bank to enter into new loans, and loan extensions, for the sole purpose of retiring old loans that were unlikely (and, in many cases, never intended) to be repaid. (Paragraph 68, Part.)

(B) Hiding the extent of their own mismanagement from the Holding Company's Board formed an integral part of the Officer Defendants' misconduct. Throughout the Relevant Period, the Officer Defendants caused the Holding Company to make false and misleading statements, as well as failed to disclose material adverse facts from its business, operations, and prospects. The Officer Defendants knew that the Board would rely upon these statements and omissions, but the Officer Defendants knew or recklessly disregarded their falsity. (Paragraph 101.)

(C) The disclosures concerning actual financial results were false and misleading… (Paragraph 130, Part.)

(D) As set forth herein, this Complaint is replete with facts demonstrating the Officer Defendants' intentional misconduct, improper receipt of personal benefits, knowing violation of law, disloyalty, bad faith, reckless disregard,

gross negligence, and/or carelessness amounting to indifference to the best interests of the Holding Company.  In addition, Plaintiff alleges as follows:  (Paragraph 287.)

(E) The Officer Defendants constituted the senior management of the Holding Company, and thus at all times were the ones with principal responsibility for ensuring that complete, accurate, and truthful information was conveyed to the Holding Company's Board.  Notwithstanding this responsibility, the Officer Defendants caused incomplete, inaccurate, and materially false information to be conveyed to the Board as well as to officers and employees responsible for preparing FNBC's internal and public financial statements on which the Board would rely.  (Paragraph 288.)

(F) As such, Ryan and the other Officer Defendants had a strong, unique, and personal motive to engage in the misconduct alleged herein; and they took advantage of the opportunities afforded them by their positions to inflate the Bank's and the Holding Company's reported financials and controls over risk and accounting systems for their personal benefit, thus breaching their duty of loyalty to the Holding Company.  (Paragraph 304.)

The allegations in these pending criminal cases, and others, completely overlap some of the claims of wrongdoing in the causes of action alleged in the Complaint, which are denied.

The United States Attorney's Office for the Eastern District of Louisiana is conducting a pending, ongoing and active Grand Jury investigation of FNBC and the activities of Mr. Ryan while President and CEO of the Bank and Holding Company, as shown above; and, illustratively, in *U.S. v. Charity*, USDC, EDLA, Case No. 19-00090, wherein defendant, Kenneth Charity, is charged in a cooperative Bill of Information with criminal conspiracy with Bank President A, alleged to be Mr. Ryan..  The Grand Jury is examining and investigating activities of the FNBC and Mr. Ryan, and others, including the transactions that have been alleged in the Complaint herein.  Mr. Ryan has provided documents responsive to a Grand Jury Subpoena issued in the Eastern District of Louisiana, and has been notified that there is an investigation of the First NBC Bank Holding Company, and its asset, First NBC Bank.  The Grand Jury investigation is

3

inextricably intertwined with plaintiffs and their claims, as well as Mr. Ryan's defenses to such claims in this action.

In other civil proceedings, as instituted by the Federal Deposit Insurance Corporation, and private plaintiffs, there have been attempts to seek discovery from Mr. Ryan, including depositions. Mr. Ryan has consistently on numerous occasions refused to submit to discovery and depositions based on his privileges under the Fifth Amendment. In addition, Mr. Ryan has moved to stay another civil action filed against him and the First NBC Bank, *et al*, for these same reasons, and is pending in this Court. *Academy Place, LLC, et al v. First NBC Bank, et al*, 18-10881, USDC, EDLA (Doc. 24).

In all respects, and as Mr. Ryan has repeatedly asserted, he intends to preserve all of his privileges under the Fifth Amendment of the United States Constitution, and refuses to respond to the Complaint, file an answer and assert defenses, file responsive pleadings, and will refuse to answer any questions in any and all discovery and depositions, under the following authorities. *Ohio v. Reiner*, 532 U.S. 17, 21 (2001); *U.S. v. Hubbell*, 120 S.Ct. 2037 (2000); *Pillsbury Co. v. Convoy*, 103 S.Ct. 608 (1983); *Fischer v. U.S.*, 96 S.Ct. 1569 (1976); *Kastigar v. U.S.*, 406 U.S. 441, 444 (1972); *Murphy v. Waterfront Comm'n of N.Y. Harbor*, 378 U.S. 52, 94 (1964); G*runewald v. U.S.*, 353 U.S. 391, 421 (1957); *Hoffman v. U.S.*, 341 U.S. 479, 486 (1951); *Boyd v. U.S.*, 116 U.S. 616, 632 (1886); *In re. Seper*, 705 F.2d 1499, 1501 (9th Cir. 1983).

For that reason, Mr. Ryan is completely unable to defend himself in these proceedings, and against the Complaint, engage in discovery, including depositions, and file an answer, responsive pleadings, and allege defenses on his behalf. Mr. Ryan is, consequently, in the horns of a constitutional dilemma – either he exercises his privileges under the Fifth Amendment, as aforesaid, and be unable to defend himself in this extraordinarily massive civil proceeding and

complaint, and suffer a negative inference, or, on the other horn of the dilemma, waive his inherent constitutional rights simply to defend these civil proceedings.  He must not be compelled to make that election.  His rights under the Fifth Amendment prime these civil proceedings, the Complaint, and any of the early rights of the plaintiffs herein.  The damage suffered by Mr. Ryan by forcing him to waive his rights in order to defend a civil case, or assert his rights and be penalized with a negative inference, will be irreparable.  And, any evidence compelled from him in these proceedings, if his rights were overruled, would be open and provided to the government and federal prosecuting authorities.

## AUTHORITIES

### The Court has the Authority to Grant a Stay in a Pending Civil Action

In the federal system, a court has inherent power to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants," *Billiot v. Beavers*, 2015 WL 4397108, *1 (E.D. La. July 13, 2015).  This authority encompasses a district court's wide discretion to grant a stay in a pending matter. *Landis v. N. Am. Co.,* 299 U.S. 248,254 (1936); *In re Ramu Corp.,* 903 F.2d 312,318 (5th Cir. 1990). Under this inherent authority, a federal district court may stay a civil proceeding during the pendency of a parallel criminal proceeding, *SEC v. First Fin. Grp. of Tex., Inc.,* 659 F.2d 660, 668 (5th Cir. 1981), and may sometimes stay a civil action "until the criminal case or the likelihood of a criminal case is ended." *Deleon v. City of Corpus Christi,* 488 F.3d 649, 655 (5th Cir. 2007) (citation omitted). Such a stay of a pending civil action may be appropriate "when there is a real and appreciable risk of self-incrimination." *Brumfield v. Shelton,* 727 F.Supp. 282, 284 (E.D. La. 1989) (citation omitted).

"[I]t is within the power of the district court, and in accord with common practice, to stay [a] civil action until the criminal case or the likelihood of a criminal case is ended." *Wallace v. Kato*, 549 U.S. 384, 393-94 (2007); *see also SEC v. First Fin. Grp., Inc.*, 659 F.2d 660, 668 (5th Cir. 1981) (holding that a court should stay a civil proceeding during the pendency of a parallel criminal proceeding under certain circumstances); *Wehling v. CBS*, 608 F.2d 1084 (5th Cir. 1980) (remanding case for a stay).

In this Circuit, courts consider the following six factors in deciding whether to stay a civil action:

(1) The extent to which the issues in the criminal case overlap with those presented in the civil case;

(2) The status of the criminal case, including whether the defendant has been indicted;

(3) The private interests of the plaintiff in proceeding expeditiously, weighed against the prejudice to the plaintiff caused by the delay;

(4) The private interests of and burden on the defendant;

(5) The interests of the courts; and

(6) The public interest.

*US v. ATP Oil & Gas* Corp, 2013 WL 6184991, *3 (E.D. La. Nov. 26, 2013); *In Re Ramu Corp.*, 903 F.2d at 319; *Southeast Recovery Group, LLC v. BP America, Inc.*, 278 F.R.D. 162, 168 (E.D. La. 2012); Doe *v. Morris*, No. 11-1532, 2012 U.S. Dist. LEXIS 12454, at *3 (E.D. La. Feb. 2, 2012) (quoting *Alcala v. Texas Webb Cty.*, 625 F.Supp. 2d 391, 399 (S.D. Tex. 2009)); *First Fin. Grp.*, 659 F.2d at 668; *LeBouef v. Global X-Ray and Testing Corp.*, 2008 WL 239752 (E.D. La. Jan. 29, 2008).

Applying these six factors mandates a complete stay during pending criminal investigations and future criminal proceedings, if any.

### The Extent to Which the Issues Overlap

"The similarity of issues in the underlying civil and criminal actions is considered the most important threshold issue in determining whether to grant a stay." *Morris,* 2012 U.S. Dist. LEXIS 12454 at *3 (quoting *Dominguez v. Hartford Fin. Servs. Grp., Inc.*, 530 F.Supp. 2d 902, 906, 07 (S.D. Tex. 2008); *see also Frierson v. City of Terrell*, No. Civ. A. 3:02-CV-2340-H, 2003 U.S. Dist. LEXIS 26443, at *8 (N.D. Tex. June 6, 2003) (extent of overlap the most important factor). Indeed, courts often grant a stay where substantial overlap exists between the criminal and civil proceedings. *See Astoria Entm't, Inc. v. Edwards*, No. 98-3359, 1999 U.S. Dist. LEXIS 6040, at *3 (E.D. La. Apr. 22, 1999).

The Complaint alleges that Mr. Ryan engaged in unlawful conspiracies and offenses, including the allegations in *U.S. v. Dunlap* and *U.S. v. St. Angelo*, as aforesaid, which are the exact allegations made by the Grand Jury in those cases, per the Bill of Information and Factual Basis for each, as well as in *U.S. v. Charity*. In addition, the Complaint alleges many other allegations of criminal conspiracy and fraud, which obviously are part of the Grand Jury investigation of Mr. Ryan, who denies all of these allegations. It is more than just overlapping – the Complaint and the Grand Jury allegations are exactly the same, with the Complaint alleging even more false allegations.

Thus, this factor weighs heavily in favor of a stay. *See Morris*, 2012 U.S. Dist. LEXIS 12454 at *3-4; *Waste Mgmt. of La., LLC v. River Birch, Inc.*, No. 11-2405, 2012 U.S. Dist. LEXIS 18544, at *12 (E.D. La. Feb. 15, 2012); *Few v. Stafford*, No. 1:16-cv-01513, 2017 U.S. Dist.

LEXIS 39099, at *4 (W.D. La. Mar. 17, 2017) (stay held to be appropriate when "many of the central questions to be resolved…will bear upon the elements of proof in both proceedings").

### The Criminal Investigation is Active

Even when there are not yet criminal charges filed, "this fact does not militate against [the] granting [of] a stay ...." *SEC v. Offill,* 2008 WL 958072, *3 (N. D. Tex. Apr. 9, 2008). No formal charges have yet been filed against Mr. Ryan. Nevertheless, the federal Grand Jury investigation is quite active. *See Waste Management of Louisiana, LLC v. River Birch, Inc.,* 2012 WL 520660, *4 (E.D. La. Feb. 15, 2012). Further, considering the pending criminal investigation, staying the civil action and its attendant discovery prevents the risk that Mr. Ryan would expose his criminal defense strategy in the civil discovery process. *See Doe v. Morris,* 2012 WL 359315, *2 (E.D. La. Feb. 2, 2012).

### Plaintiffs' Interests

With regard to the burden on plaintiffs resulting from a stay, the courts require more prejudice than "simply a delay in his right to expeditiously pursue his claim." *Whitney Nat'l. Bank v. Air Ambulance By B& C Flight Mgmt., Inc.,* 2007 WL 1468417, *3 (S.D. Tex. May 18, 2007). Here, the plaintiffs will not be unduly prejudiced by a stay of the civil lawsuit, because they will still be entitled to pursue all of its claims upon resolution of the Grand Jury investigation and any subsequent criminal proceedings.

Furthermore, the Court has the ability to fashion the stay so that its duration is tied to the length of the criminal proceeding. The Court also can require that the parties provide it notification in the event there is a material change in the status of the criminal investigation. *See, e.g. Mejia v. Bros. Petro., LLC*, No. 12-2842, 2017 U.S. Dist. LEXIS 37493, at *14-15 (E.D. La. Mar. 16, 2017) (continuing a previously granted stay for six additional months subject

8

to an order that the parties notify the court "if they become aware of any significant development that warrants reconsideration of the complete stay").

### **Defendants will be Unconstitutionally Burdened if a Stay is not Granted**

"If the defendant would be burdened by civil discovery on the same issues as a pending criminal case, this factor weighs in favor of a stay." *Morris*, 2012 U.S. Dist. LEXIS 12454, at *5 (quoting *Whitney Nat'l Bank v. Air Ambulance by B&C Flight Mgmt., Inc.*, No. H-04-2220, 2007 U.S. Dist. LEXIS 36654, at *3 (S.D. Tex May 18, 2007)). When a defendant is required to choose between discovery obligations and the exercise of his Fifth Amendment rights, a stay is warranted. *See Waste Mgmt.*, 2012 U.S. Dist. LEXIS 18544, at *15.

Most importantly, information Mr. Ryan would produce during civil discovery would be used by the government in its investigation.

If this Court does not provide appropriate relief through entry of a stay, Mr. Ryan will be forced to choose between his civil discovery obligations and his constitutional right to assert his Fifth Amendment privilege. Although Mr. Ryan has not been indicted, the Grand Jury investigation is active. Accordingly, there is a real risk of irreparably violating his privilege if he is forced to defend himself and his activities involving the FNBC in the instant civil lawsuit.

In addition, the other defendants would likely be unable to fulfill their civil discovery obligations without the benefit of testimony from Mr. Ryan should he choose to exercise his Fifth Amendment rights. As previously stated, Mr. Ryan was President and CEO of FNBC. It is also alleged that he acted in concert with Mr. St. Angelo and others. Without Mr. Ryan's

9

testimony, FNBC, and its successors in interest, the FDIC, and Mr. St. Angelo and others would be left with no way to defend themselves, as well. *See Waste Management of Louisiana,* 2012 WL 520660, *5.

### The Court has an Interest in a Stay

This "Court has interests in judicial economy and expediency." *Doe,* 2012 WL 359315, *2. Granting a stay will serve those interests, because " conducting the criminal proceedings first advances judicial economy." *Offill,* 2008 WL 958072, *3. Completion of the pending Grand Jury investigation may contribute to the more efficient preparation of this civil case. The demands of this case on the resources of this Court, therefore, may very well be reduced by the completion of the Grand Jury investigation.

Courts have consistently found that a stay is appropriate under the circumstances present in this matter. Staying a civil case to permit resolution of an overlapping criminal proceeding avoids duplicative discovery, and it improves judicial efficiency by permitting the criminal proceeding to resolve some issues first. *Mosing v. Boston*, No. 6:14-cv-02608, 2017 U.S. Dist. LEXIS 155483, at *9 (W.D. La. Sept. 22, 2017); *Waste Mgmt.*, 2012 U.S. Dist. LEXIS 18544, at *16. Staying a civil proceeding at an early stage "may prove more efficient in the long-run" in part because the "stay will…allow civil discovery to proceed unobstructed by concerns regarding self-incrimination." *SEC v. Alexander*, Case No. 10-cv-04535-LHK, 2010 U.S. Dist. LEXIS 138547, at *17 (N.D. Cal. Dec. 22, 2010) (internal quotation marks and citation omitted). If the plaintiffs are allowed to pursue discovery prior to the completion of the criminal investigation, Mr. Ryan will have to either object to

10

questions at depositions and to written discovery requests, or waive his Fifth Amendment rights, the latter of which he cannot do under the circumstances.

## **The Public has an Interest in a Stay**

The Fifth Circuit has recognized that the public interest in law enforcement efforts through criminal investigation and prosecution of alleged wrongdoing is substantial:

> The very fact that there is clear distinction between civil and criminal actions requires a government policy determination of priority: which case should be tried first. Administrative policy gives priority to the public interest in law enforcement. This seems so necessary and wise that a trial judge should give substantial weight to it in balancing the policy against the right of a civil litigant to a reasonably prompt determination of his civil claims or liabilities.

*Campbell v. Eastland*, 307 F.2d 478, 487 (5th Cir. 1962). In addition, the public has an interest in resolution of civil cases, granting a stay delays resolution of the civil matter only temporarily. See *Agueros v. Vargas*, 2008 WL 2937972, *2 (W.D. Tex. July 21, 2008).

The public has an interest in ensuring that the criminal process is not subverted by ongoing civil cases. *Douglas v. United States*, No. C 03-04518 JW, 2006 U.S. Dist. LEXIS 52754, at *18-19 (N.D. Cal. July 17, 2006) (citing *Bridgeport Harbour Place I*, 269 F. Supp. 2d at 10). Where there are parallel criminal and civil proceedings, "the *criminal* case is of primary importance to the public," whereas the civil case, which will result only in monetary damages "is not of an equally pressing nature." *Alexander*, 2010 U.S. Dist. LEXIS 138547, at *19-20 (citations omitted).

Thus, Mr. Ryan moves that a stay issue and remain in place until the conclusion of the criminal investigation and any such proceeding. This Court has entered stays of a similar duration under similar circumstances. *See In re Galpin*, No. 16-13835, 2018 U.S. Dist.

LEXIS 38053, at *6 (E.D. La. Mar. 8, 2018) (stay entered subject to a motion to life the stay filed within 10 days after exhaustion of criminal proceedings); *McKey*, 2017 U.S. Dist. LEXIS 134924, at *9 (E.D. La. Aug 23, 2017) (ordering that the "case is hereby stayed and closed for statistical purposes, to be re-opened upon proper motion by the parties following the conclusion of the criminal proceedings…."); *Mejia*, 2017 U.S. Dist. LEXIS 37493, at *14-15 (six-month stay entered).

## CONCLUSION

In summary, this case must be stayed in its entirety during the pending Grand Jury investigation and any criminal prosecution. All six factors considered by federal courts in determining whether a stay is warranted, which factors provide strong persuasive authority, militate in favor of a stay in this case. To the extent this Court is concerned with the uncertain duration of any stay, such concern may be tempered with periodic updates from defendants about the status of the criminal investigation, including any indictments or other significant developments. If at any point it appears that the Grand Jury investigation is not proceeding, and a criminal case will not be forthcoming, defendants will advise the Court of that fact as well.

For these reasons, Mr. Ryan's motion for stay of civil proceedings should be granted.

Respectfully submitted,

CRULL, CASTAING & LILLY
Pan American Life Center
601 Poydras Street, Suite 2323
New Orleans, LA 70130
Telephone: (504) 581-7700
Facsimile: (504) 581-5523

BY: */s/ Edward J. Castaing, Jr.*
Edward J. Castaing, Jr. #4022
*ecastaing@cclhlaw.com*

*Counsel for Ashton J. Ryan, Jr.*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading has been served upon counsel of record by filing same in this Court's CM/ECF System this 10th day of July, 2019.

*/s/ Edward J. Castaing, Jr.*