# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF FIRST NBC BANK HOLDING COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>ASHTON J. RYAN, JR., MARY BETH VERDIGETS, WILLIAM J. BURNELL, GREGORY ST. ANGELO, OFFICER DOES 1-20, ERNST & YOUNG LLP, MARK BELL, and AUDITOR DOES 1-20,<br><br>Defendants. | Civil Action No. 2:19-CV-10341<br><br>Judge Wendy Vitter<br><br>Magistrate Judge Dana Douglas |

## PLAINTIFF'S OMNIBUS OPPOSITION TO MOTIONS TO STAY FILED BY DEFENDANTS ASHTON RYAN AND WILLIAM BURNELL

Plaintiff, the Official Committee of Unsecured Creditors of First NBC Bank Holding Company, (the "Committee" or "Plaintiff") respectfully submits this memorandum of law in opposition to both the Motion for Stay by Defendant Ashton J. Ryan Jr. (Dkt No. 25) and the Motion to Stay Civil Proceedings by Defendant William Burnell (Dkt No. 30),[1] showing this Court as follows:

### INTRODUCTION

The Motions assert that this action should be stayed indefinitely, in all respects, against all defendants, due to an ongoing criminal investigation that might result in charges against the

---

[1] Burnell and Ryan are herein referred to as "Movants," and their motions to stay as the "Motions." Because the Motions raise similar arguments, and indeed defendant Burnell's motion expressly adopts defendant Ryan's arguments, and because both Motions will be submitted on the same date, for the sake of efficiency Plaintiff addresses both Motions in a single brief.

1

Movants. The requested relief is vastly in excess of anything reasonably necessary to protect Movants' asserted interest in avoiding self-incrimination. This overbroad request, if granted, would needlessly delay this action by months if not years, and would prejudice Plaintiff as evidence becomes unavailable and the defendants' finite resources are expended. Because the Movants have failed to carry their burden to justify the extraordinary relief of a complete stay in this action, their Motions should be denied. Should the Court determine to grant the Motions in part, then it is within the Court's sound discretion to fashion more narrowly tailored relief that appropriately balances the parties' competing interests, and the interest of the Court in the just, speedy and inexpensive determination of this action.

## ARGUMENT

### I. Legal Standards

There exists no general constitutional, statutory, or common law prohibition against the prosecution of parallel criminal and civil actions, even where such actions proceed simultaneously. *Alcala v. Texas Webb County*, 625 F. Supp. 2d 391, 396 (S.D. Tex. 2009) (citing *SEC v. First Fin'l Group of Texas, Inc.*, 659 F.2d 660, 666-67 (5th Cir. 1981)). Thus, whether to stay a civil action pending resolution of a parallel criminal prosecution is not a matter of constitutional right, but, rather, one of court discretion, that should be exercised only when the interests of justice so require. *Id*. (citing *U.S. v. Kordel*, 397 U.S. 1, 12 n.27 (1970)). In all events, "[i]t 'is the rule, rather than the exception' that civil and criminal cases proceed together." *Id*. at 397 (citing cases).

The moving party seeking a stay bears the burden of showing that a stay is warranted. *Ruiz v. Estelle*, 666 F.2d 854, 856 (5th Cir. 1982); *Drummond v. Fulton Cty. Dep't of Family & Children's Servs.*, 532 F.2d 1001, 1001 (5th Cir. 1976). "In a civil case, there is a strong presumption in favor of discovery, and the [movant] must overcome the presumption in its request

for a stay." *United States v. Gieger Transfer Serv.*, 174 F.R.D. 382, 385 (S.D. Miss. 1997).

"[A] stay [of] a civil proceeding during the pendency of a parallel criminal proceeding . . . contemplates 'special circumstances' and the need to avoid 'substantial and irreparable prejudice'." *United States v. Little Al*, 712 F.2d 133, 136 (5th Cir.1983) (citation omitted). "[I]t is not unconstitutional to force [civil defendants] to choose between the negative inferences drawn from their silence in [a civil case] and their Fifth Amendment privilege." *US ex rel. Gonzalez v. Fresenius Medical Care North America*, 571 F. Supp. 2d 758, 764 (W.D. Tex. 2008) (citations omitted).

"[S]tay orders will be reversed when they are found to be immoderate or of an indefinite duration." *McKnight v. Blanchard*, 667 F.2d 477, 479 (5th Cir. 1982).

## II. Movants Fail to Justify Their Request for a Complete Stay of this Action

A complete stay of a pending civil action until the conclusion of a related criminal proceeding is considered to be an "extraordinary remedy." *Alcala*, 625 F. Supp. 2d at 397 (citing cases). One reason for this is that a complete stay is tantamount to a defendant's "blanket assertion" of the Fifth Amendment privilege against self-incrimination, which is itself improper. *Id*. (citing cases). Rather, a party is required to selectively invoke the privilege against self-incrimination and object with specificity to the information sought from him. *Id*. (citing *First Fin'l Group*, 659 F.2d at 668).

Consequently—and as shown by Movants' own cases—motions to stay in deference to concurrent criminal proceedings are routinely denied in the Fifth Circuit. *See, e.g.*, *First Fin'l Group*, 659 F.2d at 666-69.[2] This applies even more to the situation where, as here, the civil

---

[2] *See also Zuppardo v. Service Cab Co., Inc.*, No. 16-cv-1914, 2017 WL 877318 (E.D. La. Mar. 6, 2017) (denying motion to stay civil case); *Tajonera v. Black Elk Energy Offshore Operations, L.L.C.*, No. 13-cv-0366, 2015 WL 13227930 (E.D. La. Dec. 4, 2015) (same); *Modern*

3

proceeding is brought by a private litigant (as opposed to another government agency). *See, e.g.*, *Alcala*, 625 F. Supp. 2d at 402 ("the potential for prejudice to a criminal defense is diminished where private parties, and not the government, are the plaintiffs in the civil action.") (citing *Citibank, N.A. v. Hakim*, No. 92-cv-6233, 1993 WL 481335, at *2 (S.D.N.Y. Nov. 18, 1993)).

The Motions fail to meet Movants' burden to demonstrate their entitlement to a stay. Movants' arguments amount to an attempt to assert a blanket objection to participating in this case in any manner. As noted above, this is an improper ground on which to seek a stay. *See Alcala*, 625 F. Supp. 2d at 397; *First Fin'l Group*, 659 F.2d at 668-69. Indeed, the fact that discovery has not yet been propounded establishes that the Motions are, in all events, premature. *See In re Penn Central Sec. Litig.*, 347 F. Supp. 1347, 1348-49 (E.D. Pa. 1972) (denying as premature motion to stay deposition of civil defendant sued for breaches of fiduciary duty and mismanagement, based on pending criminal action against him, where no deposition questions had even been propounded).[3]

Beyond that, Movants have certainly not justified a stay of *all* aspects of this case against *all* defendants. To warrant a complete stay of a civil action based on issues overlapping a criminal case, a defendant must "make a strong showing that the two proceedings will so overlap that either (1) he cannot protect himself in the civil proceeding by selectively invoking his Fifth Amendment

---

*Am. Recycling Svcs., Inc. v. Dunavant*, No. 10-cv-3153, 2012 WL 1357720 (E.D. La. Apr. 19, 2012) (same); *Lodge v. Boyd*, No. 11-cv-1257, 2011 WL 4727863 (E.D. La. Oct. 6, 2011) (same); *Whitfield v. Riley*, No. 09-cv-1877, 2009 WL 1269243, at *1 (E.D. La. May 6, 2009) (same); *LeBouef v. Global X-Ray*, No. 07-cv-5755, 2008 WL 239752 (E.D. La. Jan. 29, 2008) (same).

[3]   At the time of filing, the Court has not yet entered a discovery schedule and set the initial Status Conference. Plaintiff anticipates conducting a Rule 26(f) conference in the near future, with the purpose of establishing a proposed discovery plan to be submitted to the Court, addressing the discovery schedule, and any modifications and limits on the scope of discovery. Plaintiff anticipates propounding Interrogatories and Requests for Production of Documents to certain defendants and third parties.

privilege, or (2) effective defense of both [the criminal and civil cases] is impossible." *Alcala*, 625 F. Supp. 2d at 401. Movants have failed to make the required showing.

First, even if Movants were deposed or required to respond to written discovery they could selectively invoke the privilege until actually indicted and sentenced, if ever. *See, e.g.*, *Am. Multi-Cinema, Inc. v. Jones*, No. 88-cv-2615, 1989 WL 32211, at *1 (D. Kan. Mar. 30, 1989) (ability of defendant to interpose Fifth Amendment privilege objections to specific documents in response to specific interrogatories and deposition questions).

Second, other measures less extreme than a stay can address Movants' concerns about self-incrimination. *See Gonzalez*, 571 F. Supp. 2d at 764 ("The [movant] should at least be required to make a specific showing of the harm it will suffer without a stay and why other methods of protecting its interests are insufficient.") (citation omitted). For example, this Court can seal and limit the use of depositions and interrogatory answers, and otherwise limit disclosures to counsel. *See Hakim*, 1993 WL 481335, at *2 (citing *Arden Way Assocs. v. Boesky*, 660 F. Supp. 1494, 1500 (S.D.N.Y. 1987)); *In re CFS-Related Sec. Fraud Litig.*, 256 F. Supp. 2d 1227 (N.D. Okla. 2003) (complete stay of discovery against individual defendant in securities fraud civil action not warranted by pendency of parallel criminal prosecution given that lesser measure of sealing defendant's deposition and preventing its use for any purpose outside civil proceeding, except for perjury or impeachment, was appropriate and adequate to protect self-incrimination privilege); *Fidelity Nat'l Title Ins. Co. v. Nat'l Title Resources Corp.*, 980 F. Supp. 1022, 1025 (D. Minn. 1997). Or the Court can issue an appropriately tailored protective order. *See Digital Equip. Corp. v. Currie Enterprises*, 142 F.R.D. 8, 15 (D. Mass. 1991).

Third, in no way is a stay of this case as against any defendant besides the Movants (or

5

defendant St. Angelo) warranted.[4]  The remaining defendants (Mary Beth Verdigets, Officer Does 1-20, Ernst & Young LLP, Mark Bell, and Auditor Does 1-20) have not sought stays in this action, or had criminal charges brought against them, and there is no indication in the record that they are targets of ongoing criminal investigations. *See St. Martin v. Jones*, No. 08-cv-1047, 2008 WL 4534398, at *3 (E.D. La. Oct. 2, 2008) ("A partial stay is better for judicial efficiency and economy.  If the civil action is partially stayed as to Schaeffer until the conclusion of the state court criminal proceedings, the remaining defendants and the plaintiff may still have a meaningful exchange of discovery on the broader liability alleged by the plaintiff.").

Fourth, even if the Court were to order a partial stay with respect to the Movants, such a stay should apply only to the extent necessary to safeguard Movants' interests in avoiding self-incrimination. For example, such a stay should not apply to discovery sought by Plaintiff from third parties. *See SEC v. Alexander*, No. 10-cv-4535, 2010 WL 5388000, at *7-8 (N.D. Cal. Dec. 22, 2010) (granting stay with respect to defendant while considering third-party discovery on a case by case basis). In addition, such a stay should not apply to discovery from the Movants of documents or testimony that the Movants have already provided to governmental investigators, because providing the same documents or testimony to Plaintiff cannot further incriminate the Movants. *See* Ryan Mot. (Dkt No. 25-1) at 3 ("Mr. Ryan has provided documents responsive to a Grand Jury Subpoena issued in the Eastern District of Louisiana").

Nor should any stay absolve Movants of the duty of filing an answer to (or a motion against) the allegations in the Committee's Complaint. *See, e.g., Arden Way*, 660 F. Supp. at 1499 (criminal/civil defendant would face no risks of self-incrimination merely by serving an answer,

---

[4]  Defendant St. Angelo has also moved to stay the case (see Dkt No. 16).  Plaintiff opposes St. Angelo's motion to stay, for reasons similar to those discussed herein. (see Dkt No. 23).

including asserting Fifth Amendment privilege objections therein if necessary). There is nothing in a motion to dismiss, which by its nature is based solely on the *allegations* of the Complaint, without admitting their veracity, that could invoke Movants' Fifth Amendment privilege concerns.

### III. Relevant Factors Weigh Against a Stay

To determine whether a civil action should be stayed due to a related criminal matter, courts in this Circuit consider the following factors: "1. The extent to which the issues in the criminal case overlap with those presented in the civil case; 2. The status of the criminal case, including whether the defendant has been indicted; 3. The private interests of the plaintiff in proceeding expeditiously, weighed against the prejudice to the plaintiff caused by the delay; 4. The private interests of and burden on the defendant; 5. The interests of the courts; and 6. The public interest." *Modern American Recycling Services, Inc. v. Dunavant*, No. 10-cv-3153, 2012 WL 1357720, at *2 (E.D. La. Apr. 19, 2012).

First, though there is admittedly likely to be overlap between the issues in the civil case and the issues in the ongoing criminal investigation as relates to the Movants, this factor is somewhat uncertain because no criminal charges have yet been brought against the Movants. In any event, courts do not treat overlapping issues on their own as dispositive of the analysis.

Second, the Movants are presently believed to be under investigation but have not yet been charged, and it is entirely possible that they may never be charged. As such, the Movants' interests in avoiding self-incrimination are not as strong as if they had been indicted. *See Alcala*, 625 F. Supp. 2d at 401 ("courts generally decline to impose a stay where the defendant is under criminal investigation, but has yet to be indicted"); *St. Martin*, 2008 WL 4534398, at *2 ("Stay of a civil case is most appropriate where a party to the civil case has already been indicted for the same conduct for two reasons: first, the likelihood that a defendant may make incriminating statements

7

is greatest after an indictment has been issued, and, second, the prejudice to the plaintiffs in the civil case is reduced since the criminal case will likely be quickly resolved") (quotes and citation omitted).

Third, Plaintiff Committee would be substantially prejudiced by further delays in obtaining justice against the Defendants. *See Gonzalez*, 571 F. Supp. 2d at 763 ("[T]he compensation and remedy due a civil plaintiff should not be delayed. . . Plaintiffs have a legitimate interest in the expeditious resolution of their case.") (citations omitted). The bankruptcy action involving First NBC Bank Holding Company has lasted over two years, with the Committee only recently becoming appointed to pursue the claims at issue here. Allegations in the complaint relate to misconduct by Defendants going back over a decade. With the passage of time, witnesses become unavailable, memories of conversations and dates fade, and documents can be lost or destroyed. Thus, while courts considering a stay may require that the plaintiff establish more prejudice than simply a delay in its right to expeditiously pursue its claim (see *Whitney*, 2007 WL 1468417, at *3), courts recognize that delay can lead to the loss of evidence and frustrate a plaintiff's ability to put on an effective case. *Alcala*, 625 F. Supp. 2d at 405 (citing cases); *Hakim*, 1993 WL 481335, at *2. Plaintiff will be further prejudiced as Defendants expend their limited resources over time, limiting Plaintiff's prospects to recover the substantial damages sought in this action.

Fourth, although the Movants have an interest in avoiding self-incrimination, this interest can be protected by far narrower means (as discussed in Part II above) than a complete stay of this action in all respects as to all parties. *See St. Martin*, 2008 WL 4534398, at *3 (granting temporary stay as to criminal defendant and denying stay as to all other defendants); *Alexander*, 2010 WL 5388000, at *7-8 (granting stay with respect to defendant while considering third-party discovery on a case by case basis).

Fifth, allowing this action to proceed will serve the Court's interest in the just, speedy, and inexpensive resolution of this matter. *See Gonzalez*, 571 F. Supp. 2d at 764 ("[T]he Court has an interest in moving its cases to an expeditious conclusion.") (quotes and citation omitted); *CFS-Related Sec. Fraud Litig.*, 256 F. Supp. 2d at 1242 ("A policy of freely granting stays solely because a litigant is defending simultaneous multiple suits interferes with judicial administration"). The stay sought by Movants will lead to months if not years of unnecessary delay. Indeed no charges have yet been brought against the Movants. If Movants are eventually charged with crimes, months or possibly years will elapse before the completion of resulting trials and appeals. *See Tajonera*, 2015 WL 13227930, at *8 ("before granting a stay pending the resolution of another case, the court must carefully consider the time reasonably expected for resolution of the 'other case,' in light of the principle that stay orders will be reversed when they are found to be immoderate or of an indefinite duration.") (quotes and citation omitted).

Sixth, the public has a great interest in the prompt resolution of this matter, which arises from the largest instance of bank failure in Louisiana history. *See Hakim*, 1993 WL 481355, at *3 ("the public interest in financial institutions promptly recovering misappropriated funds is significant").[5]

### IV. Movants' Cited Authorities are Inapposite

The Motions often rely on opinions that arose on different facts and were motivated by

---

[5] The United States Attorney has informally indicated to undersigned counsel that the DOJ may seek to intervene in this action and file a motion to stay certain proceedings based on ongoing investigations. If that happens, the Committee respectfully requests that: (a) the Court defer decision on Movants' Motions until such time as both the Motions and any motion filed by the DOJ has been fully briefed; and (b) grant oral argument on all pending motions. The Committee respectfully submits that the issues raised herein present matters of great public and other import to the administration of justice, both civil and criminal, in this Court, and deserve a sifting hearing at which the Court can question the respective parties' (and third-party intervenors', if applicable) counsel.

9

policy concerns that are not applicable in the instant case. Most significantly, Movants cite numerous cases in which the civil action in question involved the government as a litigant. *E.g., Campbell v. Eastland*, 307 F.2d 478, 487 (5th Cir. 1962); *Alexander*, 2010 WL 5388000; *SEC v. Offill*, No. 07-cv-1643, 2008 WL 958072 (N.D. Tex. Apr. 9, 2008); *SEC v. TelexFree, Inc.*, 52 F. Supp. 3d 349 (D. Mass. 2014). In such cases it is common for courts to issue a stay of the civil action in order to protect the government's investigation or prosecution from wide-ranging civil discovery, as opposed to the comparatively much narrower discovery afforded to criminal defendants. *See Campbell*, 307 F.2d at 487 ("A litigant should not be allowed to make use of the liberal discovery procedures applicable to a civil suit as a dodge to avoid the restrictions on criminal discovery and thereby obtain documents he would not otherwise be entitled to for use in his criminal suit"); *TelexFree, Inc.*, 52 F. Supp. 3d at 352 (D. Mass. 2014) ("the government has a discernible interest in intervening in order to prevent discovery in the civil case from being used to circumvent the more limited scope of discovery in the criminal matter"). Here, where Plaintiff is a private party, there is no comparable risk of exposing the government to intrusive civil discovery from potential criminal defendants.

Movants rely most heavily on the case of *Waste Management of Louisiana, LLC v. River Birch, Inc.*, No. 11-cv-2405, 2012 WL 520660 (E.D. La. Feb. 15, 2012). However, that case is easily distinguished, as the only defendants were two individuals and two legal entities under their control (and which the court found may not have been able to mount a defense without the testimony of the individuals). *Id*. at *5. Furthermore, all defendants in *Waste Management* filed motions seeking stays. *Id*. at *1. As such, while a complete stay of the action in *Waste Management* was arguably warranted, such sweeping relief is not justified here where the action can and should proceed against other defendants who are not criminal defendants or targets of criminal

investigations, and who have not moved for stays.

## CONCLUSION

For the foregoing reasons, the Motions should be denied in their entirety. Should the Court grant the Motions in part, then any stay should only apply to discovery sought from the Movants that seriously implicates their Fifth Amendment rights. In addition, no stay should absolve Movants of the duty of filing an answer to (or a motion against) the allegations in the Committee's Complaint. *See supra*, pp. 6-7. If the Movants claim to have grounds to dismiss the Complaint, such issues, which go to the mere allegations of the Complaint without admitting their veracity, should be heard and adjudicated at an early point in this case; then, once any stay is lifted, no further time need be spent on such arguments.

Dated: July 22, 2019

Respectfully submitted,

O'BELL LAW FIRM, LLC

By: */s/ Eric J. O'Bell*
Eric J. O'Bell (admitted to the Bar of this Court)
La. Bar No. 26693
*ejo@obelllawfirm.com*
Albert M. Myers, Of Counsel (*pro hac vice* application to be filed)
*mearsly@gmail.com*
3500 N. Hullen Street
Metairie, LA 70002
Tel.: (504) 456-8677
Fax: (504) 456-8653

GLANCY PRONGAY & MURRAY LLP

By: */s/ Brian P. Murray*
Brian P. Murray (*pro hac vice* application pending)
*bmurray@glancylaw.com*
Brian D. Brooks (admitted to the Bar of this Court)
La. Bar No. 28319
Garth Spencer (*pro hac vice* application pending)
*gspencer@glancylaw.com*
230 Park Avenue, Suite 530
New York, NY 10169
(212) 682-5340
Tel.: (212) 682-5340
Fax: (212) 884-0988

-and-

CONGENI LAW FIRM, LLC

By: */s/ Leo Congeni*
Leo Congeni (admitted to the Bar of this Court)
La. Bar No. 25626
*leo@congenilawfirm.com*
424 Gravier Street
New Orleans, LA 70130
Tel.: (504) 522-4848

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I certify that on this 22nd day of July, 2019, a true and correct copy of the foregoing document was filed electronically with the Clerk of Court of the Eastern District of Louisiana by using the CM/ECF system.  Notice of this filing will be sent to all counsel of record registered to receive electronic service by operation of the CM/ECF system.

*/s/ Leo Congeni*
Leo Congeni