**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| OFFICIAL COMMITTEE OF<br>UNSECURED CREDITORS OF FIRST<br>NBC BANK HOLDING COMPANY | CIVIL ACTION |
| VERSUS | NO. 19-10341 |
| ASHTON J. RYAN, JR., ET AL. | SECTION "D"(3) |

**ORDER AND REASONS**

Before the Court are St. Angelo's Motion to Stay Civil Proceeding,[1] a Motion for Stay by Defendant, Ashton J. Ryan, Jr.,[2] and a Motion to Stay Civil Proceedings by Defendant William Burnell.[3] All three Motions are opposed.[4]

After careful consideration of the parties' memoranda as well as the applicable law, St. Angelo's Motion to Stay[5] is **GRANTED** and this matter is **STAYED in its entirety** until resolution of the related criminal proceedings.[6] The Motion for Stay by Defendant, Ashton J. Ryan, Jr.[7] and Motion to Stay Civil Proceedings by Defendant William Burnell[8] are **DISMISSED AS MOOT.**

---

[1] R. Doc. 16.
[2] R. Doc. 25.
[3] R. Doc. 30.
[4] R. Docs. 17, 21, 23, 46, 47, 48, 49.
[5] R. Doc. 16.
[6] *See*, 2:19-cr-55-CJB-JCW-1, *United States of America v. Gregory St. Angelo* (E.D. La.).
[7] R. Doc. 25.
[8] R. Doc. 30.

# I. FACTUAL AND PROCEDURAL BACKGROUND

On May 10, 2019, the Official Committee of Unsecured Creditors of First NBC Bank Holding Company (hereinafter, "Plaintiff"), filed a Complaint against Ashton J. Ryan, Jr., Mary Beth Verdigets, William J. Burnell, Gregory St. Angelo, Ernst & Young LLP, Mark Bell, Officer Does 1-20 and Auditor Does 1-20, to recover damages that Plaintiff claims are due as a result of the failure of First NBC Bank. On June 19, 2019, St. Angelo filed the instant Motion to Stay Civil Proceeding,[9] seeking a stay of this case in its entirety based on the related criminal proceeding against St. Angelo also pending before this Court.[10] St. Angelo submitted the Bill of Information filed in the related criminal proceeding as an exhibit to his Motion to Stay,[11] as well as an Affidavit from his attorney acknowledging the concurrent criminal investigation and the subpoenas issued to St. Angelo in the criminal proceeding.[12] Several parties opposed St. Angelo's Motion to Stay, including defendant Verdigets,[13] defendants Bell and Ernst & Young LLP[14] and Plaintiff.[15]

On July 10, 2019, defendant Ryan also filed a Motion for Stay, adopting the arguments made in St. Angelo's Motion to Stay, and further asserting that a stay of this case is warranted based on the related criminal investigations pending against Ryan.[16] Ryan claims that there are concurrent criminal investigations involving the

---

[9] R. Doc. 16.
[10] *See*, 2:19-cr-55-CJB-JCW-1, *United States of America v. Gregory St. Angelo* (E.D. La.).
[11] R. Doc. 16-3.
[12] R. Doc. 16-2.
[13] R. Doc. 17.
[14] R. Doc. 21.
[15] R. Doc. 23.
[16] R. Doc. 25.

same facts underlying this case, specifically *United States of America v. Charity*, 2:19-cr-90-LMA-JVM-1 (E.D. La.), and *United States of America v. Dunlap*, 2:18-cr-99-ILRL-JVM-1 (E.D. La.), both pending before this Court.[17] Ryan also advised that "the Grand Jury is examining and investigating activities of the FNBC and Ryan, and others, including the transactions that have been alleged in the Complaint herein."[18]

The following day, defendant Burnell filed his own Motion to Stay Civil Proceedings, joining in and adopting the Motions to Stay filed by St. Angelo and Ryan, and further asserting that the entire case should be stayed pending resolution of the related ongoing and active criminal investigations and prosecutions.[19] Burnell notes the ongoing criminal investigation that followed the closing of First NBC Bank and highlights that the criminal investigation has resulted in charges against three individuals to date: Jeffrey Dunlap, Kenneth Charity and Gregory St. Angelo.[20]

On July 23, 2019, the Government filed a Motion to Intervene and Stay, also seeking to stay the case based on the ongoing federal criminal investigation.[21] The Government's Motion remains pending before the Court.

On August 9, 2019, the Federal Deposit Insurance Corporation (FDIC) as Receiver for First NBC Bank, also filed a Motion to Intervene, which remains pending before the Court.[22]

---

[17] R. Doc. 25.
[18] *Id.*
[19] R. Doc. 30.
[20] R. Doc. 30.
[21] R. Doc. 50.
[22] R. Doc. 75.

## II. LEGAL STANDARD AND ANALYSIS

Whether to stay a civil action pending resolution of a parallel criminal prosecution is within the Court's discretion, which should be exercised when the interests of justice so require.[23] The burden rests on the movant to show that special circumstances exist that warrant a stay.[24] Courts within the Fifth Circuit consider the following six factors when determining whether a civil action should be stayed due to a parallel criminal matter: (1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the criminal case, including whether the defendant has been indicted; (3) the private interests of the plaintiff in proceeding expeditiously, weighed against the prejudice to the plaintiff caused by the delay; (4) the private interests of and burden on the defendant; (5) the interests of the courts; and (6) the public interest.[25]

As to the first factor, St. Angelo, Ryan, and Burnell have clearly established a concurrent ongoing criminal investigation, the facts of which appear to overlap with those of the instant case. St. Angelo has indicated that he has been charged with

---

[23] *United States v. Kordel,* 397 U.S. 1, n. 27 (1970)(stating that "Federal courts have deferred civil proceedings pending the completion of parallel criminal prosecutions when the interests of justice seemed to require such action, sometimes at the request of the prosecution[.]"). *See Dominguez v. Hartford Fin. Servs. Group, Inc.,* 530 F. Supp. 2d 902, 905 (S. D. Tex. 2008)(" A district court's power to stay proceedings also encompasses the authority to stay a civil proceeding pending the resolution of a criminal proceeding when the interests of justice so require. . . . Although a district court has wide discretion to stay proceedings, its power is not unbounded. . . . A court must weigh the competing interests when exercising its discretion to issue a stay.").

[24] *Sec. & Exch. Comm'n v. First Financial,* 659 F.2d 660, 668 (5th Cir. 1981)("In 'special circumstances,' however, a district court should stay one of the proceedings pending completion of the other to prevent a party from suffering substantial and irreparable prejudice" (citing *Kordel,* 397 U.S. at 11–13; *Sec. & Exch. Comm'n v. Dresser Indus., Inc.,* 628 F.2d 1368, 1377 (D. C. Cir. 1980)).

[25] *See, e.g. Alcala v. Tex. Webb Cnty.*, 625 F. Supp. 2d 391, 398-399 (S. D. Tex. 2009); *Tajonera v. Black Elk Energy Offshore Operations, L.L.C.,* 2015 WL 893447, at *9 (E.D. La. March 2, 2015); *Dolan v. Parish of St. Tammany*, 2013 WL 3270616, at *6 (E.D. La. June 26, 2013).

Conspiracy to Commit Bank Fraud as a result of this criminal investigation, and has provided the Bill of Information charging him with that crime.[26] That Bill of Information details facts that clearly relate to the dealings and subsequent closing of First NBC Bank. The Bill of Information alleges that the purpose of the conspiracy was "for the defendant, ST. ANGELO, Bank President A, Bank Officer B, and others to enrich themselves unjustly by disguising the true financial status of ST. ANGELO, the Entities, and other borrowers, concealing the accurate performance of loans, and misrepresenting the nature of payments to ST. ANGELO and certain Entities."[27] That Bill of Information further alleges that "ST. ANGELO, Bank President A, Bank Officer B, and others provided First NBC Bank with materially false and fraudulent documents and personal financial statements[.]"[28]

Plaintiff also clearly acknowledges the ongoing concurrent criminal investigation of St. Angelo.[29] In its Complaint, Plaintiff claims that the failure of the bank was "by the design and conscious intent of the Officer Defendants, in conspiracy with, and aided and abetted by, St. Angelo, not attributable to legitimate lending of the Bank, but, rather, a scheme and artifice to conceal the deteriorating capital position of the Bank."[30] Thus, the Complaint in this case suggests a wider scope of possible criminal wrongdoing beyond St. Angelo. The Court finds that significant factual issues in the pending criminal case and pending criminal investigations

---

[26] *See,* R. Doc. 16-3.
[27] R. Doc. 16-3, p. 4.
[28] *Id.*
[29] R. Doc. 1, p. 68.
[30] *Id.* at p. 24. Emphasis removed.

appear to overlap with those presented in the instant case, which weighs in favor of granting St. Angelo's Motion to Stay.

The second factor, the status of the criminal case, also weighs in favor of granting a stay. St. Angelo, a defendant in the instant case, has been charged by way of Bill of Information with Conspiracy to Commit Bank Fraud.[31] Evidence submitted in support of the three pending Motions to Stay[32] shows that criminal charges have been brought against other individuals, and that criminal investigations remain ongoing, which may impact additional individuals.[33] The Bill of Information charging St. Angelo with criminal wrongdoing, as detailed above, indicates that others, including the unidentified Bank President A and Bank Officer B, may have committed criminal acts.[34] Based on those facts, the Court believes that several of the defendants in this matter have a real and appreciable risk of self-incrimination by proceeding with discovery in this case. Given that "the 'strongest case' for a stay exists where a party is indicted for a serious offense and must defend a civil action involving the same matter,"[35] the Court finds that the second factor weighs in favor of granting St. Angelo's Motion to Stay.

The third factor that the Court must consider is the private interests of the plaintiff in proceeding expeditiously as weighed against the prejudice to the plaintiff caused by delaying the case. The Court appreciates that Plaintiff has a significant

---

[31] *See,* R. Doc. 16-3; R. Doc. 1, p. 68.
[32] R. Docs. 16, 25, 30.
[33] *See,* R. Docs. 25, 30.
[34] *See,* R. Doc. 16-3.
[35] *Alcala v. Texas Webb Cnty.,* 625 F. Supp. 2d 391, 401 (S.D. Tex. 2009)(citing *Lizarraga v. City of Nogales Ariz.*, 2007 WL 215616, at *3 (D. Ariz., Jan. 24, 2007)).

interest in proceeding expeditiously and having its claims heard. Granting a stay of this case will not deny Plaintiff a possible recovery; instead, it will only delay that possible result. The Court recognizes that criminal defendants are entitled by law to a speedy trial.[36] If the criminal investigations result in further indictments, the Court would expect the matters to be resolved expeditiously. As such, the third factor also weighs in favor of granting St. Angelo's Motion to Stay.

The fourth factor, the private interests of and burden on the defendant in granting a stay, weighs significantly in favor of granting a stay. St. Angelo has been charged and has pled guilty to the crime of Conspiracy to Commit Bank Fraud, the facts of which are alleged to have been based on the same facts as the instant civil case. St. Angelo is currently awaiting sentencing. Ryan and Burnell have also acknowledged that their names, as well as the names of others, have been included as possibly facing criminal investigation based on these same facts.[37] It is likely that these defendants, or others, may be faced with discovery requests that will trigger a claim of Fifth Amendment privilege, thus hampering and/or preventing the resolution of this civil case.

Under the fifth factor, the Court considers its own interest in ensuring that justice is done in an efficient and expeditious manner. Undoubtedly, a stay in this matter will delay this case. This factor, standing alone, weighs against the granting of St. Angelo's Motion to Stay. The Court, however, also has a significant interest in seeing that justice is done in an efficient manner without trampling the constitutional

---

[36] *See,* 18 U.S.C. §§ 3161-3174.
[37] *See,* R. Docs. 25, 30.

rights of the litigants. As detailed above, allowing this matter to proceed at this time, despite the ongoing criminal proceeding(s) and criminal investigations, may only cause further delay. There exists a real likelihood that discovery will be contentious, with defendants invoking their Fifth Amendment privilege. Although the Court has a strong interest in seeing that this matter is heard and resolved expeditiously, it has an equally strong interest in safeguarding the rights of all parties.

With respect to the sixth factor, the public interest, the public has a well-deserved interest in seeing that criminal matters are handled thoroughly and expeditiously, without being compromised by concurrent civil matters. The public also has a strong interest in allowing law enforcement officials to perform their jobs, uncover evidence of criminal activity, and bring those persons responsible for criminal activity to justice. The collapse of First NBC Bank was a highly-publicized event. While the public has an interest in seeing the resolution of civil matters that may have resulted from the bank's collapse, it is the Court's considered opinion that the public has an even stronger interest in seeing that anyone criminally responsible be held accountable for those actions.

### III. CONCLUSION

Taking into the consideration the seriousness of granting a stay, and having considered the memoranda and law, including a detailed analysis of the six factors set forth above, the Court believes that a stay is warranted in this case.

Accordingly,

**IT IS ORDERED** that St. Angelo's Motion to Stay Civil Proceeding[38] is **GRANTED** and this matter is **STAYED** in its entirety until the criminal proceeding against St. Angelo is completed.[39]

**IT IS FURTHER ORDERED** that the Motion for Stay by Defendant, Ashton J. Ryan, Jr.[40] and the Motion to Stay Civil Proceedings by Defendant William Burnell[41] are **DISMISSED AS MOOT.**

**IT IS FURTHER ORDERED** that all motions pending before the undersigned and United States Magistrate Judge Dana M. Douglas are **DISMISSED WITHOUT PREJUDICE**, reserving to the parties the right to re-urge any motion when the matter is re-opened.

**IT IS FURTHER ORDERED** that the Clerk of Court **CLOSE** the above-captioned civil case for administrative and statistical purposes, pending further order from the Court. The Court shall retain jurisdiction and the case shall be restored to the trial docket upon motion of a party if circumstances change, so that Plaintiff's claims may be heard to final disposition.

New Orleans, Louisiana this __16th__ day of August, 2019.

_____
**WENDY B. VITTER**
**UNITED STATES DISTRICT JUDGE**

---

[38] R. Doc. 16.
[39] *See*, 2:19-cr-55-CJB-JCW-1, *United States of America v. Gregory St. Angelo* (E.D. La.).
[40] R. Doc. 25.
[41] R. Doc. 30.