UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF FIRST NBC BANK HOLDING COMPANY** | **CIVIL ACTION** |
| **VERSUS** | **NO:  19-10341** |
| **ASHTON J. RYAN, JR., ET AL** | **SECTION: "S" (3)** |

**ORDER AND REASONS**

**IT IS HEREBY ORDERED** that the Federal Deposit Insurance Corporation as Receiver of First NBC Bank's **Motion to Intervene and Partially Lift Stay** (Rec. Doc. 92) is **DENIED**.

On August 6, 2019, while this matter was pending in another division of the court, an order was entered staying this matter in its entirety. The decree of that order (Rec. Doc. 90), found that a balancing of the required factors to determine if a stay was appropriate were met. Significantly, the order provided in pertinent part: "It is ordered that St. Angelo's Motion to Stay Civil Proceeding is granted and this matter is stayed in its entirety until the criminal proceeding against St. Angelo is completed." Rec. Doc. 90, p. 9. The order further stated that "all motions pending before the undersigned and United States Magistrate Judge Dana M. Douglas are dismissed without prejudice, reserving to the parties the right to re-urge any motion when the matter is re-opened." Id. And, "the case shall be restored to the trial docket upon motion of a party if circumstances change, so that Plaintiff's claims may be heard to final disposition." Id.

Movant, the Federal Deposit Insurance Corporation as Receiver of First NBC Bank

("FDIC-R"), seeks to partially lift the stay so that FDIC-R may intervene to resolve the question

whether the complaint filed by the Official Committee of Unsecured Creditors of First NBC

Bank Holding Company ("UCC") fails to state a claim because the FDIC-R owns the claims

asserted by the UCC. FDIC-R contends that this is a purely legal, threshold question that poses

no threat to the criminal proceedings that served as the basis for staying this case. UCC and the

United States of America oppose the motion; individual defendants Ashton J. Ryan, Jr. and

Gregory St. Angelo do not oppose the motion, so long as discovery remains stayed.

Circumstances have not materially changed since imposition of the stay.[1] Further, at the

time the current stay was entered, a motion to intervene seeking nearly identical declaratory

relief to that the FDIC-R now wants to pursue was pending before the Magistrate Judge,[2] and

notwithstanding the motion, the court determined a stay was appropriate.

The court recognizes that a stay pending the resolution of another case must take into

consideration the time reasonably expected for resolution of the other case, "in light of the

principle that stay orders will be reversed when they are found to be immoderate or of an

indefinite duration." Wedgeworth v. Fibreboard Corp., 706 F.2d 541, 545 (5th Cir. 1983)

---

[1]While FDIC-R argues that competition for insurance assets represent a changed circumstance, that is not the type of change in circumstances contemplated by the prior order, which specified that the stay should remain in effect until the criminal proceeding against St. Angelo is completed. That has not occurred.

[2]The complaint submitted with the present motion "seeks a declaration from this Court that the FDIC-R owns the claims asserted by the UCC in this case." Rec. Doc. 92-2, ¶ 24; the complaint submitted with the previous motion to intervene sought a "declaration from this Court that the claims being asserted by the [Unsecured Creditors] Committee in this case and in the arbitration against the Auditor Defendants are owned by the FDIC-R." Rec. Doc. 75-2, ¶ 24.

(internal quotations and other citations omitted). In this case, it appears that the government is pursuing the criminal matter diligently and expeditiously, and there is no reason to believe the stay will be prolonged. Moreover, the careful weighing of stay factors in the original stay order, which the court incorporates by reference, establish that the stay was not immoderate. The court further observes that in every other related case in this district in which FDIC-R has requested a partial stay, the court has determined that a complete stay is more appropriate. See, e.g., Fed. Deposit Ins. Corp. v. Ernst & Young LLP, 2020 WL 3960345, at *4 (E.D. La. July 13, 2020). Accordingly, the court finds that movant has not established a justification for disturbing the current stay order, and therefore,

   **IT IS HEREBY ORDERED** that the FDIC-R's **Motion to Intervene and Partially Lift Stay** (Rec. Doc. 92) is **DENIED**.

   New Orleans, Louisiana, this __31st__ day of August, 2020.

                    _____
                       **MARY ANN VIAL LEMMON**
                    **UNITED STATES DISTRICT JUDGE**