IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF FIRST NBC BANK HOLDING COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>ASHTON J. RYAN, JR., MARY BETH VERDIGETS, WILLIAM J. BURNELL, GREGORY ST. ANGELO, OFFICER DOES 1-20, ERNST & YOUNG LLP, MARK BELL, AND AUDITORS DOES 1-20,<br><br>Defendants.<br><br>FEDERAL DEPOSIT INSURANCE CORPORATION, AS RECEIVER FOR FIRST NBC BANK,<br><br>Intervenor-Plaintiff,<br><br>v.<br><br>OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF FIRST NBC BANK HOLDING COMPANY,<br><br>Defendant-in-Intervention. | Case No. 2:19-cv-10341-MVL-DMD<br><br>Section: "S" (3)<br><br>Hon. Mary Ann Vial Lemmon, USDJ<br><br>Hon. Dana M. Douglas, USMJ |

## COMPLAINT IN INTERVENTION FOR DECLARATORY RELIEF

The Federal Deposit Insurance Corporation as Receiver for First NBC Bank ("FDIC-R") complains as follows against the Official Committee of Unsecured Creditors of First NBC Bank Holding Company ("UCC").

## NATURE OF THE ACTION

1. The FDIC-R seeks a declaratory judgment that it owns the claims asserted in this action by the UCC.

2. The UCC has brought a six-count complaint against three sets of defendants: (i) Ashton Ryan, Mary Beth Verdigets, and William Burnell (the "Officer Defendants"), (ii) Gregory St. Angelo ("St. Angelo"), and (iii) Ernst & Young ("EY") and Mark Bell (the "Auditor Defendants").

3. The UCC's complaint contains three counts for breach of fiduciary duty against the Officer Defendants; a count styled "Conspiracy/Aiding and Abetting" against St. Angelo; a count for breach of contract against EY; and a count for accounting malpractice and professional negligence against the Auditor Defendants.

4. The claims asserted by the UCC belong to the FDIC-R under 12 U.S.C. § 1821(d)(2)(A)(i) on the facts of this case. Accordingly, the FDIC-R is entitled to a declaratory judgment that it owns and may control the claims asserted by the UCC.

## PARTIES, JURISDICTION, AND VENUE

5. The FDIC is a corporation organized and existing under the laws of the United States of America. Upon being appointed as receiver for First NBC, the FDIC-R succeeded to all rights, titles, powers, and privileges of the Bank, including, but not limited to, the Bank's claims against its former officers, including the Officer Defendants and St. Angelo, as well as its former auditors, including the Auditor Defendants. 12 U.S.C. § 1821(d)(2)(A)(i).

6. The UCC is the Official Committee of Unsecured Creditors of First NBC Bank Holding Company. First NBC Bank Holding Company ("Holding Company") filed a petition for relief under Chapter 11 of the Bankruptcy Code on May 11, 2017. The UCC purports to assert claims in this case on behalf of the Holding Company's bankruptcy estate.

7. This Court has subject-matter jurisdiction over this case under 12 U.S.C. § 1819(b)(1) and (2) and 28 U.S.C. §§ 1331 and 1345. The FDIC-R has the power to sue in any court of law. 12 U.S.C. § 1819(a).

8. Venue is proper in this District under 28 U.S.C. § 1319(b) because a substantial part of the events and/or omissions giving rise to the claims asserted in this case occurred in this District.

## DECLARATORY JUDGMENT FACTS

9. On April 28, 2017, the Louisiana Office of Financial Institutions closed First NBC and appointed the FDIC as receiver.

10. The UCC filed this action on May 10, 2019.

11. The Holding Company was the sole stockholder of the Bank, and the Bank was the Holding Company's primary asset. All the UCC's claims in this case arise from lending and other banking activities of First NBC.

12. Among other things, the UCC seeks to hold the Officer Defendants liable for failing to provide accurate and complete information to the Holding Company about the effect of the Bank's poor controls and their own mismanagement of the Bank.

13. The UCC further alleges that defendants Ryan, Burnell, and St. Angelo conspired to fraudulently obtain money from the Bank and to hide this fraud on the Bank and the true financial condition of the Bank from the Holding Company.

14. The UCC also alleges that from 2011 to 2015 the Auditor Defendants negligently issued unqualified opinions on the Holding Company's financial statements, which were consolidated with and depended on the financial statements of its primary asset, the Bank. Like the claims against the Officer Defendants and St. Angelo, the UCC's claims against the Auditor Defendants concern the auditors' failure to properly review Bank activities and Bank assets during

their audits, including failing to timely recognize accounting errors with respect to tax credit investments, consolidated variable interest entities, and short-term receivables that resulted in a belated restatement of prior-year financial statements.

15. The UCC asserts as damages that the Holding Company's interest in the Bank was rendered valueless, that the Holding Company lost its capital investments in the Bank, that St. Angelo received millions in ill-gotten gains from the Bank, and that the Officer Defendants received unjust compensation, which was paid (as to at least its cash components) by the Bank.

16. By operation of law, the FDIC-R succeeded to all rights, titles, powers, and privileges of both the Bank and any Bank stockholder with respect to the institution and the assets of the institution. *See* 12 U.S.C. § 1821(d)(2)(A)(i).

17. Exercising those rights and privileges, the FDIC-R has filed its own lawsuit in this Court alleging gross negligence and breach of fiduciary duty by Ryan and six former Bank directors and seeking recovery under Louisiana's Direct Action Statute from ten of the Bank's directors and officers ("D&O") liability insurers. *See FDIC as Receiver for First NBC Bank v. Ryan*, et al., Case 2:20-cv-01253-LMA-MBN (E.D. La.) (the "D&O Case").

18. The FDIC-R also has filed its own lawsuit against EY for its misconduct at the Bank. *See FDIC as Receiver for First NBC Bank v. Ernst & Young LLP*, et al., Case 2:20-cv-01259-EEF-JVM (E.D. La.).

19. The UCC purports to assert claims on behalf of the Holding Company, the sole stockholder of the Bank, that all hinge on misconduct the defendants committed at the Bank; depend on injuries suffered by the Bank; and seek recovery some of the same from "wasting" director-and-officer ("D&O") liability insurance policies on which the FDIC-R has brought direct actions in the D&O Case.

20. The FDIC-R owns the UCC's claims because the losses that the UCC asserts as damages were either sustained by or arise from losses suffered by the Bank in the first instance. The UCC has not asserted any injury to the Holding Company that is unique or separate from an injury to the Bank. The UCC's alleged claims also depend on the Holding Company's role as a Bank stockholder; require proof of misconduct that depressed Bank assets; seek recovery from sources that are the subject of the FDIC-R's own claims (including wasting D&O liability insurance policies); and, if allowed to proceed, would upend Congress's priority scheme for distribution of failed-bank assets. *See* 12 U.S.C. § 1821(d)(11)(A). In these circumstances, the UCC's alleged claims are claims "with respect to" the Bank and its assets, and thus belong to the FDIC-R—not the UCC—under 12 U.S.C. § 1821(d)(2)(A)(i).

21. The UCC has encroached on the FDIC-R's exclusive right to assert and control the claims brought in this case.

22. The UCC's claims are draining potential recovery sources for these claims and other claims that belong to the FDIC-R, including wasting insurance policies.

23. Absent a declaratory judgment that the FDIC-R owns the claims asserted in this case, the UCC might collect (by judgment or settlement) from insurance proceeds or from funds or assets of the Defendants that the FDIC-R has the right to recover and distribute to creditors of First NBC in accordance with the priorities of the statutory scheme of 12 U.S.C. § 1821(d)(11)(A).

### CLAIM FOR DECLARATORY RELIEF (28 U.S.C. § 2201)

24. The FDIC-R re-alleges and incorporates by reference each of the allegations contained in Paragraphs 1 through 23 of this Complaint in Intervention for Declaratory Relief as though fully set forth herein.

25. An actual controversy exists about whether the FDIC-R owns the claims asserted by the UCC against the Defendants in this case. To resolve this controversy, the FDIC-R requests that the Court declare the rights of the FDIC-R under 28 U.S.C. § 2201.

26. Specifically, the FDIC-R seeks a declaration from this Court that the FDIC-R owns the claims asserted by the UCC in this case.

WHEREFORE, the FDIC-R requests that the Court

    A.    Enter a judgment declaring that the FDIC-R owns the claims asserted by the UCC in this case; and

    B.    Award such further relief that the Court deems appropriate, including costs and attorneys' fees incurred by the FDIC-R in this matter.

Respectfully submitted,

/s/ James M. Garner
JAMES M. GARNER (# 19589)
JOSHUA S. FORCE (# 21975)
BRANDON W. KEAY (# 36528)
**SHER GARNER CAHILL RICHTER KLEIN & HILBERT, L.L.C.**
909 Poydras Street, 28th Floor
New Orleans, Louisiana 70112-1033
Telephone: (504) 299-2100
Facsimile: (504) 299-2300
E-Mail: jgarner@shergarner.com
        jforce@shergarner.com
        bkeay@shergarner.com

*Attorneys for Plaintiff Federal Deposit Insurance Corporation, as Receiver for First NBC Bank*