UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**WILLIAM D. AARON, JR. ET AL.**            CIVIL ACTION

**VERSUS**            No. 22-9
c/w 22-2070
c/w 20-1253
c/w 22-4518
c/w 19-10341
c/w 20-3189
c/w 23-5056
REF: 19-10341

**ILLINOIS NATIONAL INSURANCE COMPANY ET AL.**            SECTION I

## ORDER & REASONS

Before the Court is a motion[1] by defendant Ernst & Young LLP ("EY"), on its own behalf and on behalf of Auditor Does 1-20 (collectively, the "Auditor Defendants"), to compel arbitration or, if arbitration is not compelled, dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). No opposition has been filed.[2] For the reasons set forth below, the Court grants the motion to compel arbitration.

### I. FACTUAL BACKGROUND

This civil action stems from the failure of First National Bank of Commerce (First NBC"). At issue in this motion are claims by the Trustee for the Litigation and Distribution Trust ("plaintiff") to recover damages suffered by First NBC Bank

---

[1] R. Doc. No. 339.
[2] The motion was filed on June 28, 2023 and was set for submission on September 20, 2023. At the latest, the deadline for filing a response was September 12, 2023.

1

Holding Company ("Holding Company").[3] In relevant part, the complaint alleges claims against EY which provided audit services to the Holding Company, and claims against the specific auditors who conducted the audits.[4] EY moves to compel arbitration, arguing that it is required pursuant to the auditing agreement.[5]

## II. LEGAL STANDARDS

The Federal Arbitration Act ("FAA") requires district courts to "compel arbitration of otherwise arbitrable claims, when a motion to compel arbitration is made." *Sedco, Inc. v. Petroleos Mexicanos Mexican Nat'l Oil Co.*, 767 F.2d 1140, 1147 n. 20 (5th Cir. 1985). Section 3 of the FAA provides:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under the agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3.

"In adjudicating a motion to compel arbitration under the [FAA], courts generally conduct a two-step inquiry. The court must first determine whether the parties agreed to arbitrate the dispute. 'This determination involves two considerations: (1) whether there is a valid agreement to arbitrate between the

---

[3] R. Doc. No. 1. The claims were originally filed by the Official Committee of Unsecured Creditors of First NBC Bank Holding Company. The Trust, however, was later substituted as plaintiff. E.D. La. Case No. 19-10341, R. Doc. No. 122.
[4] Case No. 19-10341, R. Doc. No. 1, at 9–10.
[5] R. Doc. No. 339.

parties; and (2) whether the dispute in question falls within the scope of that arbitration agreement.' The court then must determine if any legal constraints foreclose arbitration of those claims." *Brown v. P. Life Ins. Co.*, 462 F.3d 384, 396 (5th Cir. 2006) (quoting *Webb v. Investacorp, Inc.*, 89 F.3d 252, 258 (5th Cir. 1996)) (internal citations omitted).

"When deciding whether the parties agreed to arbitrate the dispute in question, 'courts generally . . . should apply ordinary state-law principles that govern the formation of contracts.'" *Webb*, 89 F.3d at 258 (quoting *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995)). "In applying state law, however, 'due regard must be given to the federal policy favoring arbitration, and ambiguities as to the scope of the arbitration clause itself must be resolved in favor of arbitration.'" *Id.* (quoting *Volt Info. Sciences, Inc. v. Board of Trustees of Leland Stanford Jr. Univ.*, 489 U.S. 468, 475–76 (1989)).

### III. ANALYSIS

EY requests that the Court compel arbitration pursuant to the FAA.[6] The parties entered into written engagement agreements for EY to provide auditing services for the Holding Company.[7] The relevant portion of the agreements provide that disputes or claims related to the auditing services and agreements "shall be resolved by mediation or arbitration as set forth in the attachment to this Agreement."[8] The arbitration attachment provides that disputes will be governed by

---

[6] R. Doc. No. 339, at 1.
[7] R. Doc. No. 339-2, at 3.
[8] R. Doc. No. 339-3, at 15.

3

the FAA and resolved by the arbitrators.[9] Plaintiff's complaint alleges that EY breached the auditing agreement and that the auditor defendants did not conduct the audits in conformity with generally accepted auditing standards.[10] These claims are within the scope of the arbitration agreement.

Based on plaintiff's serving of a demand for arbitration of the same claims as those alleged in the complaint, plaintiff does not appear to dispute that there is an arbitration agreement or that the claims alleged fall within the scope of the arbitration agreement.[11] The Court does not see any legal constraints that warrant denying EY's request to arbitrate these claims in accordance with the parties' agreement.

## IV.  CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that EY's motion to compel arbitration is **GRANTED.** The adjudication of plaintiff's claims against EY and Auditor Defendants shall be **STAYED** pending arbitration. Following a final arbitration judgment, any party may move to reopen this case by filing a motion within 30 days of the final arbitration judgment.

---

[9] R. Doc. No. 339-7, at 16.
[10] Case No. 19-10341, R. Doc. No. 1, at 118–19.
[11] R. Doc. No. 339-1, at 6.

New Orleans, Louisiana, November 8, 2023.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**